**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1204-24

FIRUZ RAHIM,

      Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
AND WORKFORCE
DEVELOPMENT, and UNUM
GROUP CORPORATION,

      Respondents.

_____

Submitted April 29, 2026 – Decided July 29, 2026

Before Judges Gummer and Jacobs.

On appeal from the Board of Review, Division of Unemployment Insurance, Department of Labor and Workforce Development, Docket No. 320133.

Firuz Rahim, self-represented appellant.

Jennifer Davenport, Attorney General, attorney for respondent Board of Review (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Gordon C. Estes, Deputy Attorney General, on the brief).

PER CURIAM

Claimant Firuz Rahim appeals from a final agency decision of the Board of Review (Board), affirming a decision of the Appeal Tribunal disqualifying him from receiving unemployment benefits pursuant to N.J.S.A. 43:21-5(b). The Tribunal disqualified him based on its conclusion his employer, UNUM Group Corporation (UNUM), had discharged him for misconduct connected with his work. Having considered the evidence presented to the Tribunal, the parties' arguments, and the applicable legal principles, we affirm.

I.

From September 9, 2019, to August 29, 2022, claimant worked as a "Customer Benefit Advisor" for UNUM and serviced customer calls from its call center.

According to claimant's manager, UNUM discovered claimant's "call avoidance behavior" during a routine "contact[-]center audit[]" of recorded call activity that was conducted on August 25, 2022. That discovery prompted further review of claimant's calls, which revealed thirteen occasions when claimant had "received a call and did not greet the caller or service the call before it was disconnected." On August 29, 2022, following an "investigative conversation" with claimant, claimant was terminated for "fail[ing] to meet

A-1204-24

expectations by participating in activities of intentionally avoiding work" in violation of UNUM's Contact Center Guidelines and Code of Conduct.

Claimant had applied for unemployment benefits. On September 15, 2022, a deputy of the Division of Unemployment Insurance concluded claimant had been "discharged for performance issues" rather than "for misconduct connected with the work" and found claimant eligible for benefits from August 29, 2022.

UNUM appealed that determination to the Tribunal. In its September 26, 2022 appeal submission, UNUM asserted it had "discharged [claimant] for unacceptable and improper conduct," cited "[thirteen] instances in which he received a call without greeting/servicing the call before disconnecting," and contended claimant had failed to provide a response when asked for an explanation of his conduct. With that submission, UNUM provided copies of its Contact Center Guidelines, its Code of Conduct, and claimant's policy acknowledgement.

During an August 4, 2023 hearing before the Tribunal, a UNUM representative testified the August 25, 2022 audit revealed a call during which claimant did not "greet the customer" and was instead "using his system to search for memes on Google when he should have been accessing the claim file

A-1204-24

and actively working through the claim." Claimant also testified at the hearing. He denied UNUM's allegations and asserted UNUM's "new software" had caused "technical issues" and that he had sent multiple emails to his manager complaining about his inability to detect incoming calls.

At the close of the hearing, the Tribunal granted UNUM's request for additional hearing time to present its case. The Tribunal memorialized that determination in an August 4, 2023 decision in which the Tribunal stated it was postponing the hearing because "documents proffered by [UNUM] were not shared with [claimant] prior to the onset of the hearing" and "additional testimony and documents [we]re necessary to render a decision on the matter." The Tribunal initially scheduled the hearing to continue on September 7, 2023, but rescheduled it because the appeals examiner was unable to conduct the hearing on that date "due to unforeseen circumstances."

In a September 12, 2023 "notice of phone hearing," the Tribunal advised claimant the hearing had been scheduled to resume on October 3, 2023. The notice stated claimant "must register for [the] hearing (see telephone and online information below)" by "3:00 p.m. EST, on the business day prior to the scheduled hearing." It further provided: "[T]he Office of Benefit Appeals WILL NOT INITIATE A CALL TO YOU UNLESS YOU HAVE REGISTERED FOR

4

THE HEARING AS INSTRUCTED ABOVE."  The notice gave the parties the name, telephone number, fax number, and address of the appeals examiner who had been and would be conducting the hearing.

Claimant failed to register for or attend the October 3 hearing.  The hearing proceeded.  Claimant's manager testified about how he had determined claimant had been avoiding taking customer calls.  He also testified that claimant's "call avoidance behavior" was "a[n] immediately terminable offense." According to the manager, claimant had "never . . . reach[ed] out about not receiving phone calls."  He acknowledged claimant had not been disciplined for call avoidance in the past.

In an October 3, 2023 decision, the Tribunal reversed the deputy's decision, finding claimant was disqualified from benefits as of August 28 through October 8, 2022, under N.J.S.A. 43:21-5(b) because "the discharge was for misconduct connected with the work."  The Tribunal found "[a] random audit of the claimant's work indicated he was avoiding customer calls" and that UNUM's investigation had revealed "claimant was receiving prompts that a customer had called, the customer was asking if someone was on the call, and the claimant's mouse being active[,] sometimes disconnecting the call."  The Tribunal determined the evidence demonstrated claimant had "knowingly

avoided performing his job duties" and that his "job avoidance . . . was a disregard of the standards of behavior which [UNUM] ha[d] a right to expect of [its] employees" and "the cause of the discharge." Finding he had been "discharged for misconduct connected with the work," the Tribunal disqualified claimant for benefits under N.J.S.A. 43:21-5(b). The Tribunal remanded the issue of claimant's liability for a refund of benefits to the Director of the Division of Unemployment Insurance for an initial determination. The Tribunal informed the parties its decision would become final unless a written appeal was filed with the Board within twenty days.

In an October 5, 2023 "request for refund of unemployment benefits," the Director confirmed claimant was ineligible for unemployment benefits and determined claimant had to refund $4,446 in benefits he had received pursuant to N.J.S.A. 43:21-16(d). The Director explained the repayment procedure as well as the appeal procedure, which required claimant to file a written appeal to the Tribunal within seven days.

In an October 11, 2023 letter to the Tribunal, claimant asked for a review of the Tribunal's October 3 decision. He asserted he "was let go after a new system was implemented and there was no warning on the defects the system had while it was in production." He claimed UNUM had "never sent [him] or

A-1204-24

the [T]ribunal any evidence showing [he] was neglecting [his] duties." Claimant asserted he "was not able to appear" for the October 3, 2023 hearing because he "was out sick and could not reach the [T]ribunal in time." He also acknowledged he had been advised he had to remit the benefits he had received but contended he had no financial ability to repay those funds.

In a November 13, 2024 decision, the Board affirmed the Tribunal's decision based on the evidence presented during the two-day hearing. The Tribunal also found "there [wa]s no valid ground for a further hearing" because claimant had received an opportunity to participate in the October 3, 2023 hearing and had not presented good cause for failing to appear or request an adjournment. The Board made no mention of the Director's refund decision.

On appeal, claimant argues UNUM failed to submit sufficient evidence of misconduct or establish his actions were intentional rather than the result of a "good-faith error in judgment." He faults the Tribunal for not "granting" him a postponement of the second hearing date. He also challenges the Director's refund determination.

## II.

"[A]n 'agency's determination . . . will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair

7

support in the record.'" Friends of Team Charter Schs., Inc. v. Bd. of Educ. of Newark, 483 N.J. Super. 495, 504 (App. Div. 2026) (quoting Saccone v. Bd. of Trs., Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014)) (internal quotation marks omitted). "The burden to make that showing 'rests upon the [party] challenging the administrative action.'" In re Protest filed by El Sol Contracting & Constr. Corp., 260 N.J. 362, 373 (2025) (alteration in original) (quoting Lavezzi v. State, 219 N.J. 163, 171 (2014)). Mere disagreement with an agency's determination "does not make it arbitrary, capricious, or unreasonable." In re Att'y Gen. Law Enf't Directive Nos. 2020-5 & 2020-6, 246 N.J. 462, 495 (2021).

In determining whether an agency's decision was arbitrary or capricious, we consider:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Lavezzi, 219 N.J. at 171 (quoting In re Stallworth, 208 N.J. 182, 194 (2011)).]

We review an agency's interpretation of a statute or case law de novo. Bulur v. N.J. Off. of the Att'y Gen., 261 N.J. 275, 286 (2025).

A claimant "shall be disqualified," N.J.S.A. 43:21-5, from receiving unemployment benefits "[f]or the week in which the individual has been suspended or discharged for misconduct connected with the work, and for the five weeks which immediately follow that week," N.J.S.A. 43:21-5(b). "Misconduct" is defined as:

> conduct which is improper, intentional, connected with the individual's work, within the individual's control, not a good faith error of judgment or discretion, and is either a deliberate refusal, without good cause, to comply with the employer's lawful and reasonable rules made known to the employee or a deliberate disregard of standards of behavior the employer has a reasonable right to expect.
>
> [Ibid.]

See also Parks v. Bd. of Rev., 405 N.J. Super. 252, 254 (App. Div. 2009) (finding "'misconduct' . . . must be more than simply inadequate job performance that provides good cause for discharge"). "The repetitive violation of a rule, policy, or standard of conduct may justify a reasonable inference that the employee's disregard was deliberate . . . ." Silver v. Bd. of Rev., 430 N.J. Super. 44, 57 (App. Div. 2013).

"To sustain disqualification from benefits because of misconduct . . . the burden of proof is upon the employer . . . ." N.J.S.A. 43:21-5(b). The employer must, "prior to a determination by the department of misconduct, provide written

9

documentation demonstrating that the employee's actions constitute misconduct or gross misconduct."  Ibid.

Claimant's contention that UNUM failed to provide sufficient evidence of his misconduct, including sufficient "written documentation," in accordance with N.J.S.A. 43:21-5(b) is belied by the record.  In its September 26, 2022 appeal submission, UNUM provided a letter documenting information it had obtained regarding claimant's conduct as well as copies of its Contact Center Guidelines, its Code of Conduct, and claimant's policy acknowledgement.

The Contact Center Guidelines document details the "Call Handling" process, which includes that "[c]alls should be answered immediately using the proper greeting," "[p]eriods of silence on a call should be limited . . . [,]" and "[i]nternet should not be accessed while servicing a customer except for the sole purpose of obtaining helpful information for the customer."  It identifies as "Prohibited Actions": "[h]anging up on a customer" and "[p]articipating in activities of intentionally avoiding work."  The Code of Conduct sets forth UNUM employees' "commit[ment] to help[] our customers during difficult times in their lives" and to "[p]rovide excellent customer service."

That written documentation along with the credible testimony of UNUM's witnesses provided substantial evidence supporting the Tribunal's conclusions

A-1204-24

claimant had "knowingly avoided performing his job duties," his "job avoidance . . . was a disregard of the standards of behavior which the employer ha[d] a right to expect of [its] employees," and his job avoidance "constitute[d] misconduct connected with the work" that disqualified him from receiving unemployment benefits. Those conclusions were not based on one or two isolated examples of missed calls but on multiple instances of claimant avoiding customer calls, "justify[ing] a reasonable inference that the employee's disregard was deliberate." Silver, 430 N.J. Super. at 57. The Board adopted the Tribunal's supported findings. On that record, we discern nothing arbitrary, capricious, or unreasonable about the Board's decision.

With respect to the second day of the hearing, claimant faults the Tribunal for "not granting a postpone[ment] to [him] due to illness" and the Board for failing to "address [his] good cause" for not appearing. On appeal, claimant contends he was unable to attend the October 3 hearing because he was recovering from COVID-19. He further asserts he had called and left a message with the Tribunal, not the appeals examiner conducting the hearing, on August 29, 2023, August 30, 2023, and October 4, 2023. Those calls were made either before the September 12, 2023 notice scheduling the October 3 hearing or after the October 3 hearing. Claimant also submitted to this court phone records he

asserts support his assertions. He highlighted on that document calls placed on September 29, October 2, and October 4, 2023,

But he did not provide that information or documentation to the Board in his October 11, 2023 submission. In that submission, he said only that he "was not able to appear" on October 3 because he "was out sick and could not reach the [T]ribunal in time." Based on the information provided to it, the Board's determination that claimant "was given the opportunity to participate" in the October 3 hearing and had not established "good cause" or "valid ground[s] for a further hearing" was not arbitrary, capricious, or unreasonable. Nor was it a violation of claimant's due-process rights. See Agresta v. Bd. of Rev., 232 N.J. Super. 56, 63 (App. Div. 1989) (finding "[t]he basic requirements of procedural due process are, (1) adequate notice; (2) opportunity for a fair hearing, and (3) the availability of ultimate review").

Finally, claimant challenges the Director's refund determination. The Board contends we should not consider his argument because claimant failed to exhaust his administrative remedies and because the Board correctly limited its November 13, 2024 decision to a consideration of claimant's appeal of the Tribunal's October 3, 2023 decision given that the Tribunal had not yet

12

adjudicated his appeal of the Director's refund determination. We agree with the Board.

"Exhaustion of administrative remedies before resort to the courts is a firmly embedded judicial principle." Musconetcong Watershed Ass'n v. N.J. Dep't of Env't Prot., 476 N.J. Super. 465, 478 (App. Div. 2023); see also R. 2:2-3(a)(2) (appellate review of a state administrative agency decision "shall not be maintainable so long as there is available a right of review before any administrative agency or officer, unless the interest of justice requires otherwise"). The principle "is 'designed to allow administrative bodies to perform their statutory functions in an orderly manner without preliminary interference from the courts.'" Columbia Fruit Farms, Inc. v. Dep't of Cmty. Affs., 470 N.J. Super. 25, 35 (App. Div. 2021) (quoting Brunetti v. Borough of New Milford, 68 N.J. 576, 588 (1975)).

In its October 3, 2023 decision, the Tribunal directed the parties to file any appeal of its disqualification decision with the Board. In his October 5, 2023 refund determination, the Director instructed the parties to file any appeal of his determination with the Tribunal. Instead of filing the disqualification appeal with the Board and the refund appeal with the Tribunal as instructed, claimant sent one letter to the Tribunal, referencing both appeals. The Board

nevertheless considered and decided claimant's appeal of the Tribunal's disqualification determination, a final agency decision we affirm for the reasons set forth in this opinion. The Board appropriately refrained from addressing claimant's appeal of the Director's refund determination because the Tribunal had not yet decided the appeal of that determination pending before it and, thus, claimant had not yet exhausted his administrative remedies.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

14